FILED: April 18, 2001

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED PACIFIC INSURANCE COMPANY,
*Plaintiff-Appellant,*

v.

DEBORAH S. EAST,
*Defendant-Appellee,*

and

DEWEY EAST EXCAVATING COMPANY,
INCORPORATED,
*Defendant,*

JOSEPH GREENWALD AND LAAKE, PA;
BURNS LAW FIRM; CITIZENS NATIONAL
BANK; ESTATE OF DEWEY FRANK
EAST, JR., Deborah Sue East,
Personal Representative of the
Estate of Dewey Frank East, Jr.;
DEBORAH SUE EAST, Personal
Representative of the Estate of
Dewey Frank East, Jr.; PAINE
WEBER, INCORPORATED,
*Garnishees.*

No. 00-1851

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-99-311-PJM)

Argued: February 28, 2001

Certified: April 18, 2001

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

---

Certification Order, entered by Judge Niemeyer with the concurrence of Judge Widener and Judge Luttig.

---

## COUNSEL

**ARGUED:** Edward Graham Gallagher, WICKWIRE GAVIN, P.C., Vienna, Virginia, for Appellant. John Douglas Burns, THE BURNS LAW FIRM, Greenbelt, Maryland, for Appellee.

---

## ORDER

To the Honorable Chief Judge and Judges of the Court of Appeals of Maryland:

### CERTIFICATION ORDER

Acting under Maryland Code Annotated, Courts and Judicial Proceedings Article §§ 12-603, 12-605, and 12-606, this court certifies to the Court of Appeals of Maryland for answer the following two questions:

    I.   Whether money paid to and held by a widow's attorneys in settlement of a malpractice claim that the widow filed on behalf of her husband is "money payable" so as to be exempt from execution under Md. Code Ann., Cts. & Jud. Proc. § 11-504(b), exempting from execution on a judgment "[m]oney payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings."

    II.  Whether the exemption statute's inclusion of "compensation for loss of future earnings" violates Article III,

§ 44, of the Maryland Constitution, which reads, "Laws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor."

This court acknowledges that the Court of Appeals of Maryland may reformulate these questions.

The facts from which these questions arise are not in dispute. Deborah East's husband died on December 10, 1996, while in a hospital in Prince George's County, Maryland. Following routine surgery on his neck, he experienced internal bleeding in his neck, which caused increased pressure on his throat and airway and ultimately caused his death. East filed a medical malpractice claim against several healthcare providers. Count I was a wrongful death claim, and Count II a survivorship claim filed by her husband's Estate for pain and suffering. The case was settled on December 16, 1999, for $1,000,000, and the Prince George's County Circuit Court allocated $975,000 to East's wrongful death claim and $25,000 to the Estate's claim. After attorneys fees were paid, East's lawyers held for East the remaining funds from the $975,000. The firm of Joseph, Greenwald and Laake, P.A., held $356,909.60, and The Burns Law Firm, L.L.C., held $265,779.75. The parties agree that these funds include compensation for loss of future earnings.

Following her husband's death, East continued to operate her husband's excavating business, Dewey East Excavating Company, Incorporated, of which she became president and the sole stockholder. In order to obtain performance and payment bonds for public works projects, East was required to execute an indemnity agreement in favor of the bonding company, United Pacific Insurance Company. She signed the indemnity agreement as president of Dewey East Excavating Company and individually. When United Pacific Insurance was required to pay substantial losses, it brought this action against East and her company under the indemnity agreement and obtained a summary judgment against them on July 22, 1999, in the amount of $304,454.01, plus interest.

Union Pacific Insurance sought to enforce its judgment against East and her company by garnishing the sums held by Joseph, Green-

wald and Laake, P.A. and the Burns Law Firm, L.L.C. The writs of garnishment were served on the firms in January 2000 and April 2000, respectively. East thereupon invoked the exemption provided by Md. Code Ann., Cts. & Jud. Proc. § 11-504(b), and filed a motion to release these proceeds from levy pursuant to Federal Rule of Civil Procedure 69 and Maryland Rule 2-643.

By order dated May 31, 2000, the United States District Court for the District of Maryland granted East's motions, dissolved the writs of garnishment, and declared the proceeds held by the law firms exempt from judgment. The court reasoned that these proceeds constituted "[m]oney payable in the event of sickness, accident, injury, or death of any person" and thus were exempt from judgment under Md. Code Ann., Cts. & Jud. Proc. § 11-504(b). United Pacific Insurance appealed the judgment to this court.

On appeal before this court, United Pacific Insurance contends that because the malpractice claim settlement proceeds were paid to and held by East's representatives, the monies have already been paid and therefore do not constitute "money payable" within the meaning of the Maryland exemption statute. In the alternative, United Pacific Insurance argues that the exemption of compensation for lost future earnings violates Article III, § 44, of the Maryland Constitution, which reads, "Laws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor." East, on the other hand, contends that the money held by her attorneys is "money payable" and that to give the term "payable" the meaning ascribed to it by United Pacific Insurance would defeat the exemption altogether. She also argues that the proceeds protected by the statutory exemption are reasonable and that the statute therefore does not violate the Maryland Constitution. Because we are unaware of any controlling decisions of the Maryland state courts on these determinative questions, we believe that they are properly subject to review by the Maryland Court of Appeals on certification. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-603.

The names and addresses of counsel of record for the parties are:

*Counsel for United Pacific Insurance*
Edward G. Gallagher, Esquire

Wickwire Gavin, P.C.
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182

*Counsel for East*
John Douglas Burns, Esquire
The Burns Law Firm, L.L.C.
6303 Ivy Lane, Suite 102
Greenbelt, Maryland 20770

Accordingly, pursuant to the privilege made available by the Maryland Uniform Certification of Questions of Law Act, it is hereby ORDERED:

(1) That the questions stated above be, and the same hereby are, certified to the Court of Appeals of Maryland for answer; and

(2) That the clerk of this court forward to the Court of Appeals of Maryland, under the official seal of this court, a copy of this order, together with the original or copies of the record before this court to the extent requested by the Court of Appeals of Maryland; and

(3) That any request for all or part of the record be fulfilled by the clerk of this court simply upon notification from the clerk of the Court of Appeals of Maryland.

This Order is entered by Judge Niemeyer, with the concurrences of Judge Widener and Judge Luttig.

United States Court of Appeals for the Fourth Circuit

by /s/ Paul V. Niemeyer
for the Court

Dated: April 18, 2001